## GOODALL WORSTED CO. v. PALM KNITTING CO., Inc. (three cases).

(Court of Appeals of District of Columbia. Submitted January 14, 1926. Decided February 1, 1926. Petition for Rehearing Denied February 11, 1926.)

### Nos. 1810–1812.

1. **Trade-marks and trade-names and unfair competition** ⟵31—**User, but not originator, of word "Palm," not entitled to same rights as originator.**

User, but not originator, of use of word "Palm" in trade-mark, *held* not entitled to such broad rights as would attach, if it were the first to use the word, or some representation of palm tree.

2. **Trade-marks and trade-names and unfair competition** ⟵43—**Registration of "Palm Beach" held not to preclude another's registration of "Palm-Knit" for use on similar goods.**

Prior registration of trade-mark "Palm Beach" *held* not to preclude another's registration of trade-mark "Palm-Knit," with representation of palm tree in rectangle, on goods of same descriptive properties.

Appeal from the Commissioner of Patents.

Trade-mark opposition proceedings between the Palm Knitting Company, Inc., and the Goodall Worsted Company. From the decision of the Commissioner of Patents, granting registration to the former, the latter appeals. Affirmed.

E. T. Fenwick, of Washington, D. C., for appellant.

E. M. Evarts, of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. These are trade-mark opposition proceedings, in which the Patent Office dismissed the opposition, and held that appellee is entitled to register the words "Palm-Knit," with the representation of a palm tree in a rectangle, as its trade-mark.

[1, 2] It is not disputed that the goods of the respective parties are of the same descriptive properties. Appellant sought to register the words "Palm Beach" as its trade-mark, and an opposition was filed by a prior user and registrant of the mark "Palm Island," accompanied by the representation of a palm tree. Appellant succeeded in convincing the Patent Office that the two marks were not deceptively similar. It thus ap-

pears that appellant is not the originator of the use of the word "Palm" in a trade-mark, and we agree with the Assistant Commissioner that, "in view of these circumstances, the opposer in the case at bar is not entitled to any such broad interpretation of its rights in connection with its mark as it would be if it were the first to use the word 'Palm,' or a representation of some part of a palm tree. Both these features, the word 'Palm' and the representation of a tree, were used prior to opposer's adoption and use of its mark, and these are the only features which are common to the mark of the applicant and that of the opposer."

As the Patent Office found, "Palm-Knit" differs from "Palm Beach" more than "Palm Beach" differs from "Palm Island."

The decision is affirmed.

Affirmed.