it understood appellee's goods contained similar slide fasteners; and that the use of the word by appellee would damage appellant in various ways, such, as causing confusion of trade, diluting the popularity of appellant's trade-mark, subtracting from the established good will of appellant, unwarrantedly lessening the distinctiveness of appellant's trade-mark, likely causing members of the public to assume a business connection between appellant and appellee, and tending to cause the word "zipper" to become a generic name for slide fasteners, without justification and to opposer's damage.

The slide fastener, which we understand both parties to the instant controversy to be using, was a patented invention, but the patent long since expired, so that the article is now subject to use by the public upon any and all goods to which it may be thought suitable. The name "zipper" does not appear upon the slide fastener itself. The certificate of registration to appellant states that "the trade-mark is applied by printing it on a label applied to the box in which the boots are sold." The statement of appellee in its application says that in its case "the trade-mark is applied or affixed to the goods, by placing thereon a printed label on which the trade-mark 'zipper' is shown."

An examination of the reproductions of the designs used by the respective parties in their utilization of the word does not show any similarity, which would cause the design of one party to be mistaken for, or confused with, the design of the other party, and we do not understand any allegation that such is the case as made. It is the use of the word itself to which appellant makes objection.

It does not seem to us that the goods of the respective parties can be held to be of the same descriptive properties, in the sense of the statute. Boots and shoes and overshoes are articles of clothing and "wardrobe bags" suggests the idea of the bags being utilized as receptacles or protectors for some articles of clothing, but hardly for boots, shoes, or overshoes. The relation is too remote. The only physical element common to the goods is the type of slide fastener, and we should be unwilling to hold that this element served to render them "of the same descriptive properties"; they being in all other respects wholly dissimilar.

Numerous authorities were cited in the briefs and oral arguments of the respective parties, and these we have carefully examined, greatly to our interest and instruction, but we find none which we think would justify the holding for which appellant contends. Upon the contrary, the weight of authority appears to be in support of the decisions of the Patent Office tribunals. Johnson Educator Food Co. v. Sylvanus Smith & Co., Inc., 37 App. D. C. 107, 175 O. G. 268; Quaker Oats Co. v. Mother's Macaroni Co., 41 App. D. C. 254, 198 O. G. 899; Rockwood Pottery Co. v. A. Wilheim Co., 43 App. D. C. 1, 212 O. G. 1691; Denver Gas & Electric Light Co. v. Alexander Lumber Co., 50 App. D. C. 207, 269 F. 859, 283 O. G. 182; and many others cited in their decisions appear to be in point.

The decision of the Commissioner is affirmed.

Affirmed.

## ROSENBERG BROS. & CO. v. WETHERBY-KAYSER SHOE CO.

Court of Customs and Patent Appeals. February 6, 1930.

Patent Appeal No. 2151.

Clarence G. Campbell, of New York City, for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. On March 16, 1926, the appellee, Wetherby-Kayser Shoe Company, presented its application to the Patent Office for the purpose of registering its trade-mark "Fashion Lane." Afterward, on July 3, 1926, an opposition to the registration of said proposed trade-mark was filed by Rosenberg Bros. & Co., the appellant. It appears in said opposition that the appellant is the registered owner of the following three registrations: No. 130,566, dated April 27, 1920; No. 131,225, dated May 4, 1920; and No. 160,277, dated October 17, 1922—each of said registrations covering men's coats, vests, and pants.

The first of these registered trade-marks consists of the words "Fashion Park Clothes," the word "Park" being superimposed upon a small cut or representation of two persons on horseback. The second consists of the words "Fashion Park" upon a shield-shaped background over which words appear the figures of two persons on horseback. The third consists of words "Tailored at Fashion Park," surmounted by a similar cut representing two persons on horseback. The applicant and appellee here is attempting to register his trade-mark consisting of the two words "Fashion Lane" to be used on men's, women's, and children's footwear, namely, shoes, slippers, mules, and spats of leather, rubber, fabric, or combinations thereof. The examiner of interferences and the Commissioner both held that the opposition should be dismissed, and from the decision of the Commissioner the appellant brings the case here.

Certain evidence was taken before the examiner of interferences in this matter. From this evidence it fairly appears that the appellant manufactures large quantities of clothing upon which it uses its registered marks, and which clothing is sold throughout the United States in clothing and furnishing stores; that it has been using the trade-mark "Fashion Park" since January 1, 1915, and has carried on an extensive and widespread campaign of advertising by means of which it has advertised its said trade-marks throughout the trade; that 98 per cent. of the dealers who sell applicant's goods sell, also, shoes, hats, neckwear, and other similar furnishings; that appellant's goods are also sold in Los Angeles, Cal., where the appellee conducts a large store for the sale of its goods.

As we view the matter, the only question necessary to be determined on this record is whether the trade-mark of appellee, which it proposes to register, so nearly resembles the registered trade-marks owned and used by the appellant as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers.

In considering this matter it will be borne in mind that the goods upon which the opposer uses its trade-marks are men's coats, vests, pants, and overcoats, and that the goods upon which the appellee applicant uses its mark are men's, women's, and children's footwear, such as shoes, and so forth. Whether these be considered goods of the same descriptive properties or not, their similarity or lack of similarity is a very proper matter to be considered in determining whether such confusion or mistake in the mind of the public is liable to occur by the registration of the appellant's mark.

The principle point of similarity between the respective marks is the use of the word "Fashion." It has been held, and we think properly so, that, this word being descriptive, there can be no exclusive right to its use. Franklin Knitting Mills v. Kassman & Kessner, 56 App. D. C. 348, 13 F.(2d) 319.

The only remaining question is whether the words "Park" and "Lane" in combination with the word "Fashion," and the other elements of the respective marks, as applied to the various goods upon which they are used, are so similar as to cause confusion. We do not think so. The proposed mark of appellee is the two words "Fashion Lane," while the marks of opposer, in addition to the words used, are each accompanied by a distinctive cut of two persons on horseback. This design is of such a character as to strike the eye of even the casual observer, at first glance. Nor is there, in our opinion, such a similarity between the words "Park" and "Lane" as justifies, in this case, the sustaining of this opposition.

The decision of the Commissioner is affirmed.

Affirmed.