## LANGFIELD v. SOLVIT–ALL CORPORATION.

### Patent Appeal No. 2715.

Court of Customs and Patent Appeals. April 29, 1931.

Edward S. Rogers, Allen M. Reed, and William T. Woodson, all of Chicago, Ill. (Browne & Phelps and Thomas L. Mead, Jr., all of Washington, D. C., of counsel), for appellant.

Ward & Crosby, of New York City (Joshua Ward, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the opposition of appellant, and holding that appellee was entitled to the registration of the trade-mark "Solvit-All" for use on sanitary solvents for cleaning, disinfecting, and deodorizing toilet bowls and similar articles.

In its application for registration filed March 29, 1928, appellee alleged that it had used its trade-mark since November 17, 1927.

It appears from the record that appellant has used its trade-mark "Solvite" since 1924 on a cleaning preparation, used, when mixed with gasoline, for cleaning garments, draperies, fabrics, rugs, carpets, automobile seats, and other articles from which it is desired to remove "greasy and other substances"; that appellant's product is in the form of paste, and is sold throughout the United States in small cartons to drug stores, grocery stores, department stores, hardware stores, hospitals, garages, corset companies, and other concerns; and that appellant has expended large sums of money in advertising its product and its trade-mark. It also appears from the record that appellee's product is sold to grocery and department stores, and that appellee has made some effort to sell it to drug stores.

Appellee's product is in liquid form, is sold in small containers, and is applied with a brush to the surfaces to be cleaned and deodorized.

The tribunals below concurred in holding that appellant was the first to adopt and use its mark, that the goods of the parties were not of the same descriptive properties, and that the involved marks were not confusingly similar.

It is true that the goods of the parties do not possess, entirely, the same essential characteristics. Nevertheless the purposes for which they are used are of the same general nature, and are closely associated and related. They are both used for cleaning purposes by the general public, are sold in the same stores, and, although a purchaser would not confuse the two products, confusion as to their origin would probably result should the parties use their trade-marks concurrently.

We are of opinion, therefore, that the goods are of the same general class and possess the same descriptive properties within the principles heretofore announced by this court. California Packing Corporation v. Tillman & Bendel, 40 F.(2d) 108, 17 C. C. P. A. 1048; B. F. Goodrich Co. v. Hockmeyer (Zipon Mfg. Co., Substituted), 40 F.(2d) 99, 17 C. C. P. A. 1068; Sun-Maid Raisin Growers of California v. American Grocer Co., 40 F.(2d) 116, 17 C. C. P. A. 1034; Cheek-Neal Coffee Co. v. Hal Dick Mfg. Co., 40 F.(2d) 106, 17 C. C. P. A. 1103; Cluett, Peabody & Co., Inc., v. Hartogensis (Arrow Emblem Co., Inc., Substituted), 41 F.(2d) 94, 17 C. C. P. A. 1166; Kotex Co. v. McArthur, 45 F.(2d) 256, 18 C. C. P. A. ——; Revere Sugar Refinery v. Joseph G. Salvato, 48 F.(2d) 400, 18 C. C. P. A. ——.

That the marks are confusingly similar is evident, and requires no discussion.

For the reasons stated, the decision of the Commissioner of Patents is reversed.

Reversed.