## SIMONIZ CO. v. PERMANIZING STATIONS OF AMERICA, Inc.

### Patent Appeal No. 2686.

Court of Customs and Patent Appeals.
May 25, 1931.

John T. Evans, Edward S. Rogers, and Allen M. Reed, all of Chicago, Ill. (Thomas L. Mead, Jr., of Washington, D. C., of counsel), for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing the opposition of appellant and holding that appellee was entitled to the registration of the trade-mark "Permanize" for use on "Cleaner for Automobile Bodies, Painted, Varnished and other surfaces."

In its application for registration, filed August 13, 1928, appellee alleged that it had used its trade-mark since December 1, 1926.

It appears from the record that appellant is the owner of trade-mark registration No. 137,701, issued to the Simons Manufacturing Company, November 30, 1920, of the word "Simoniz" for use on a compound in the form of paste for cleaning and polishing automobile bodies, furniture, and the like; that appellant and its predecessor have used the registered trade-mark continuously throughout the United States and in foreign countries since 1918; that appellant has expended large sums of money in advertising its product and its trade-mark; and that appellant's product is put up in cans and is sold to garages, jobbers, authorized "simonizing stations," and in stores to the general public.

It further appears from the record that appellee's product consists of a cleaner in paste form, sold in "pint cans," and a "preserver"—a polish—in liquid form, sold in quart cans; that appellee's product is sold to garages—authorized "permanizing" stations; and that the products of the respective parties are used in a similar manner and for the same purposes.

There is some evidence in the record to the effect that confusion has existed due to the similarity of the marks, and that appellee's goods were being sold in "authorized simonizing stations."

It is not argued here that the goods of the parties do not possess the same descriptive properties, nor that appellant is not the prior user of the trade-mark "Simoniz" for use on its goods. Therefore the sole question before us is, Are the marks confusingly similar.

The tribunals of the Patent Office held that the marks did not look alike, sound alike, nor convey the same thought. They referred, in their opinions, to the registered trade-mark "Kyanize" for use on paints and painters' materials, registered February 5, 1907, and held that there was closer similarity between the marks "Simoniz" and "Kyanize" than existed between the marks "Simoniz" and "Permanize."

It may be that the trade-marks "Kyanize" and "Simoniz" are confusingly similar, and that appellant was not entitled to the registration of its mark. However, that question is not before us and will not be considered by this court in this proceeding. Van Camp Sea Food Company, Inc., v. Westgate Sea Products, 48 F.(2d) 950, 18 C. C. P. A. ——, and cases therein cited.

It appears from the record that appellee was familiar with the trade-mark "Simoniz" at the time it adopted and began the use of the word "Permanize" as its trade-mark. Nevertheless, it selected a trade-mark closely simulating appellant's trade-mark which had been advertised throughout the United States and abroad, and which, due to the popularity of appellant's goods, was a valuable asset.

The marks are not identical, but the only material difference is in the first syllables— "Si" and "Per." However, this court has repeatedly held that the public ought not to be required to dissect and analyze trade-marks in order that confusion and deception might be avoided.

We are of opinion that the involved marks are confusingly similar, and that appellee is not entitled to have its mark registered.

The decision is reversed.

Reversed.