## HARRIS v. PLOUGH CHEMICAL CO.

### Patent Appeal No. 2841.

Court of Customs and Patent Appeals.

Feb. 1, 1932.

William G. Henderson, of Washington, D. C., for appellant.

E. W. Bradford, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant applied to the United States Patent Office for the registration of a trade-mark used by it upon facial cream, hair dressing, and similar goods since on or about May 1, 1927. This trade-mark was composed of the words "Black and Tan."

The appellee opposed this registration, alleging probable confusion in trade. The record discloses that appellee has been manufacturing and selling goods admitted to be of the same descriptive properties since 1917, under the trade-name of Black and White; said words being used in connection with a design, sometimes circular, sometimes square; said circle or square being colored one-half black and one-half white. Various registrations of these marks were shown; the first being November 13, 1917, and the last May 30, 1922. Among these, one, serial No. 148,-723, of November 22, 1921, includes only the words "Black and White."

Both tribunals in the Patent Office found the marks to be confusingly similar, and sustained the opposition.

We find ourselves in agreement with that conclusion. Appellee has spent millions in advertising its trade-mark, and has built up a valuable business and good-will around this trade-mark. The appellant has sold appellee's goods in its store at Athens, Ga., for many years. The only apparent reason why it should adopt a mark so likely to be confused with appellee's mark is that it desires to profit from the reputation of appellant's goods.

The only question is one of probable confusion. Similar cases where the opposition has been sustained by this court are "Calcyanide" and "Calcium Cyanide," California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C. P. A. 1198; "Hexol" and "Hexcide," MacEachan v. Tar Products Corp., 41 F.(2d) 295, 17 C. C. P. A. 1264; "Zip-On" and "Zipper," Goodrich Co. v. Hockmeyer, 40 F.(2d) 99, 17 C. C. P. A. 1068; "Mail-O-Meter" and "Seal-O-Meter," Int. Postal Sup. Co. v. Pitney-Bowes, etc., 38 F.(2d) 692, 17 C. C. P. A. 911; "Coal-O-Matic" and "Oil-O-Matic," Cross v. Williams, etc., 48 F.(2d) 659, 18 C. C. P. A. 1192; "Lemon Frost" and "Jack Frost," In re Coca Cola Bottling Co., 49 F.(2d) 838, 18 C. C. P. A. 1384; "Breast O'Chicken" and "Chicken of the Sea," Van Camp Sea Food Co. v. Alexander B. Stewart Organizations, 50 F.(2d) 976, 18 C. C. P. A. 1415; "Lusk's Luscious" and "Lush'us," Cal. Can. Co. v. Lush'us Prod. Co., 49 F.(2d) 1044, 18 C. C. P. A. 1480.

The decision of the Commissioner of Patents is affirmed.

Affirmed.