24 C.C.P.A.(Patents)

## MARION LAMBERT, Inc., v. O'CONNOR.

### Patent Appeal No. 3676.

Court of Customs and Patent Appeals.
Dec. 21, 1936.

GARRETT, Associate Judge, dissenting.

———————

John D. Rippey and John H. Cassidy, both of St. Louis, Mo., for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The appellee, hereinafter referred to as applicant, filed his application in the United States Patent Office for the registration, under the act of February 20, 1905, as amended, 15 U.S.C.A. § 81 et seq., of the mark "VOO" for depilatories, and alleged use of said mark thereon since April 19, 1933.

The appellant, hereinafter referred to as opposer, filed opposition to the registration of said mark on the ground that it was the prior owner and user of the trade-mark "DEW," which it had used in connection with its business in selling "deodorants and nonperspirants," and that by reason of the similarity of the marks and the character of the goods of the respective parties, damage would result to opposer if the mark of applicant was registered.

The Examiner of Interferences found that opposer's prior use of the mark had been admitted and that there was some degree of similarity in sound between the marks, but concluded that by reason of the fact that not one of the letters found in opposer's mark was present in the applicant's mark, and since the marks were used on goods not identical, there was no likelihood of confusion, and held that the applicant was entitled to the registration.

Upon appeal to the Commissioner of Patents, the decision of the Examiner of Interferences was affirmed for substantially the same reasons as those assigned by the Examiner of Interferences. The Commissioner held that the goods were of the same descriptive properties, but that since the marks were different, and there was a difference between the goods, there would be no likelihood of confusion. He found, however, that there were certain points of similarity in the sound of the marks. He pointed out that there was some difference in the pronunciation and no similarity in the meaning.

■ . Depilatories unquestionably are of the same descriptive properties as deodorants— one removes hair, the other removes odors. Both are for personal application, and are sold in the same places and to the same class of casual purchasers.

■ It seems there could be no question that confusion would likely result if the marks were identical. The marks are very similar in sound. "DEW" is pronounced "D̄Ū" which is practically the equivalent of "D̄OO." The parts of the words which are given greatest stress in pronunciation are almost identical in

sound. The initial letter of each word is a consonant and has a similar sound. Both words contain three letters.

Obviously, sound may be of controlling importance where there are other similarities in the marks which are contributive to the likelihood of confusion. Cluett, Peabody & Co., Inc., v. Denver M. Wright, 46 F.(2d) 711, 18 C.C.P.A. (Patents) 937; American Products Co. v. F. A. Leonard, 53 F.(2d) 894, 19 C.C.P.A. (Patents) 742. We are of the opinion that the similarity of the marks and the close relationship of the goods would suggest that confusion would be likely to result, or at least that there is such doubt on the question (and doubts must be resolved against the newcomer) as to bar registration of' the applicant's mark.

Similarity in the sound of the names under which goods are sold is becoming a more important consideration in the decision of cases of this kind as the effective advertisement of goods becomes increasingly dependent upon radio facilities.

Moreover, other facts of record confirm us in this view. Applicant alleges use of its mark since April 19, 1933. On June 9, 1933, applicant filed the application for registration here involved. On June 14, 1933, applicant interviewed Mr. Peat, an official of the opposer, evidently with the view of opening negotiations with the opposer for the purpose of selling applicant's business to opposer or for the purpose of consolidation, and on the same day applicant wrote to Mr. Peat a long letter with reference to the merits of the so-called "VOO" depilatory, and stated that "VOO might be marketed as a companion product of DEW, in a way that would be mutually advantageous. A deodorant and a depilatory are logically companion products."

The record further shows that the applicant at one time maintained an office on the same premises as those occupied by Mr. George C. V. Fesler, who originated and was the first owner of the trade-mark "DEW," the business of both parties hereto now being located in St. Louis, and that the applicant was at that time and at other times connected with various businesses in manufacturing and selling pharmaceutical preparations and obviously was familiar with opposer's mark and goods, and was well informed as to the business of handling the class of goods to which the goods of applicant and of opposer belonged.

It is difficult to escape the conclusion that in adopting the mark "VOO," without any explanation or reason being assigned for so doing, applicant himself believed that the concurrent use of the marks might lead to such confusion as to lend value to the mark "VOO." See Proctor & Gamble Co. v. J. L. Prescott Co., 49 F.(2d) 959, 18 C.C.P.A. (Patents) 1433; Harris v. Plough Chemical Co., 54 F.(2d) 967, 19 C.C.P.A. (Patents) 876; Lever Bros. Co. v. Riodela Chemical Co., 41 F.(2d) 408, 17 C.C.P.A. (Patents) 1272.

Believing, as we do, that the marks bear sufficient resemblance to each other when used on the goods of the respective parties as to admit of the likelihood of confusion resulting from their concurrent use, we conclude that the Commissioner was in error in affirming the decision of the Examiner of Interferences in holding that the applicant was entitled to registration, and· his decision is reversed.

Reversed.

GARRETT, Associate Judge, dissents.