25 C.C.P.A.(Patents)

## BON AMI CO. v. McKESSON & ROB-BINS, Inc.

### Patent Appeal No. 3865.

Court of Customs and Patent Appeals.
Jan. 24, 1938.

George Link, Jr., of New York City, for appellant.

Samuel Herrick, of Washington, D. C. (Philip F. Herrick, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The appellee filed an application to register the trade-mark "Shav-ami," which it alleged it first used on May 16, 1932, on shaving cream. As a part of the mark, as shown in the application, there is placed over the syllable "ami," in a circular black background, the words "brushless shave," which words are disclaimed apart from the mark shown.

The appellant filed opposition to the said registration, alleging use of the trade-mark "Bon Ami" on soap in cake and powder form and on toothpaste, long prior to any use by applicant. One of appellant's witnesses stated that during the last forty years his company had "received and studied" various uses for Bon Ami and there was introduced into the record a list of such uses, which is in the form of an advertisement, which had been suggested for two of its products—the Bon Ami cake and powder—as polishers and cleaners, as dentrifices, for teeth plates and bridge work (artificial), for razor hones and strops, as a shampoo, as a face pack, and many other uses.

There is some dispute in the record as to whether or not appellant at the time of filing the opposition was engaged in handling toothpaste under the name "Bon Ami," but, as we see it, this is not a controlling consideration, since there is no serious dispute that the goods upon which appellee used its trade-mark "Shav-ami" and the goods upon which appellant placed its mark on and prior to the date when appellee adopted its mark are of the same descriptive properties. It is the position of appellee, however, that the goods differ in character, and it is contended that the differences in the goods and the differences in the marks assure that there will be no confusion by the concurrent use of the two marks on the respective goods of the parties.

The Examiner of Interferences held that the goods were of the same descriptive properties, that the marks were confusingly similar, and that confusion such as the statute seeks to avoid would be likely to result. He pointed out that the rule of doubt should be applied especially in an instance where, as in the case at bar, the evidence shows that the "mark of the opposer symbolizes a wide spread and valuable good will."

Upon appeal to the Commissioner of Patents, the decision of the Examiner of Interferences was reversed. The Commissioner was of the opinion that, the goods not being identical, although "they are both toilet preparations and belong to the same general class of merchandise," the marks were "free of deceptive similarity," sounded differently, had a different suggestive meaning, and that confusion was not likely to result.

We are of the opinion that the Commissioner erred in reversing the decision of the Examiner. It is true that there

is a difference in the marks and a difference in the goods, but it seems to us that, since the mark "Bon Ami" is for a product of everyday use, is widely known, and is unusual in its arbitrary character, confusion will be more likely to occur than under other circumstances. "Bon Ami" means "good friend." The appellee uses the same word "ami," pronounces it "ah-mē," and pronounces the whole mark as "shave-ah-mē." It is difficult to understand just why appellee should choose such a mark when the field was so broad to select from. It is hardly supposable that a large, reputable concern like the appellee would seek to profit from confusion, and there is nothing in this case to indicate that that is its desire. Nevertheless, we think there is a likelihood of confusion resulting in the concurrent use of the two marks and, like the Examiner, we apply the rule of doubt which requires that doubts, if any, as to confusion, must be resolved against the newcomer.

The appellant points out that in the following cases the marks involved were held to be confusingly similar: Langfield v. Solvit-All Corporation, 49 F.2d 480, 18 C.C.P.A., Patents, 1313, "solvite" and "Solvit-All"; William Waltke & Co. v. Geo. H. Schafer & Co., 49 App.D.C. 254, 263 F. 650, "U-Lavo" and "lava"; In re Coca Cola Bottling Co. of Los Angeles, 49 F.2d 838, 18 C.C.P.A., Patents, 1384, "Lemon Frost" and "Jack Frost"; Marion Lambert, Inc., v. O'Connor, 86 F.2d 980, 24 C.C.P.A., Patents, 781, "Voo" and "Dew"; Malone v. Horowitz, 41 F.2d 414, 17 C.C.P.A., Patents, 1252, "Molo" and "Poro"; Kotex Co. v. McArthur, 45 F.2d 256, 18 C.C.P.A., Patents, 787, "Rotex" and "Kotex"; and Simoniz Co. v. Permanizing Stations of America, Inc., 49 F.2d 846, 18 C.C.P.A., Patents, 1374, "Simoniz" and "Permanize."

On the other hand, the appellee, for supporting authority on the question of confusion, relies upon the following cases which held the involved marks not to be confusingly similar: Vick Chemical Company v. Thomas Kerfoot Co., Ltd., 80 F.2d 73, 23 C.C.P.A., Patents, 752, "Vapex," "Vicks," and "Vaporub"; Valvoline Oil Company v. Havoline Oil Company, D.C., 211 F. 189, "Valvoline" and "Havoline"; Ansco Photoproducts, Inc., v. Eastman Kodak Company, 57 App.D.C. 246, 19 F.2d 720, "Speedex" and "Speedway"; Rosenberg Bros. & Co. v. Wetherby-Kayser Shoe Co., 37 F.2d 437,

17 C.C.P.A., Patents, 794, "Fashion Lane" and "Fashion Park"; and Goodall Worsted Company v. Palm Knitting Company, 56 App.D.C. 148, 10 F.2d 1013, "Palm-Knit" and "Palm Beach."

The cases relied upon by the appellee, we think, are not controlling of decision here. Most of the marks involved in those cases, such as "Fashion Park" and "Fashion Lane," are made up of ordinary words used in everyday conversation, whereas the term "ami" is a foreign word and, except to distinguish appellant's goods, is not commonly used in this country. We think there is much more likelihood of confusion where such terms as "Bon Ami" and "Shav-ami" are concurrently used than there was under the circumstances recited in the cases relied upon by appellee.

The appellant urges that the normal extension of its business would include the handling of shaving cream and that there can be no question about confusion if the marks were used on goods which were identical. While this is a consideration which in close cases has often been resorted to, it is unnecessary for us to discuss it here, since it is clear to us that there is a likelihood of confusion in the concurrent use of the two marks upon goods which were dealt in by the respective parties at the time applicant adopted its mark.

The decision of the Commissioner of Patents is reversed.

Reversed.

GRAHAM, the late Presiding Judge, sat during the argument of this case, but died before the opinion was prepared.

HATFIELD, Associate Judge, made the following additional observations:

I concur in all that has been said by the court in the opinion by Judge BLAND. I desire, however, to add the thought that if the marks "Shav-ami," which means "shave-friend," and "Bon Ami," which means "good friend," are not confusingly similar, then similar marks, such as "Clean-Ami"—clean friend—and various others, are no more confusingly similar, and would be registrable for use on goods possessing the same descriptive properties as those here involved.

If all that a newcomer in the field need do in order to avoid the charge of confus-

ing similarity is to select a word descriptive of his goods and combine it with a word which is the dominant feature of a registered trade-mark so that the borrowed word becomes the dominant feature of his mark, the registered trade-mark, made valuable and outstanding by extensive advertising and use, soon becomes of little value, and, of course, each of the subsequent imitating trade-marks (and there would be many) is of value only to the extent that its users are trading on the good will of the owner of the original registered trade-mark.

These observations have particular application when the goods on which the respective marks are used are common, inexpensive, and widely used toilet and household articles, and are sold in the same stores.

I do not question the good faith of appellee in selecting its trade-mark "Shavami," but, if it has the legal right to take something of substance and value from appellant's trade-mark, others of less conscience have equal legal rights to take something of substance and value from both appellant's and appellee's trade-marks.