## In re COCA-COLA BOTTLING CO. OF LOS ANGELES.

### Patent Appeal No. 2693.

Court of Customs and Patent Appeals.
May 25, 1931.

John J. Riley, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This proceeding, which is ex parte, involves the right of appellant to register the two words "Lemon Frost" for use as a trade-mark on "soda water, or pop, sold as a soft drink."

The decision of the Commissioner of Patents affirmed that of the Examiner of Trade-Marks, denying the registration sought, because of the trade-mark "Jack Frost," registered to F. B. Chamberlain Company September 18, 1928, for "concentrated extracts and syrups for making nonalcoholic, maltless beverages."

Appeal was then taken to this court.

It appears from the record in the case that at one time appellant sought to register the words "Orange Frost" for use on some of its products, and this was opposed by Chamberlain & Co. on account of its ownership of "Jack Frost." The Commissioner of Patents sustained the opposition, and after his decision the Commissioner remanded the "Lemon Frost" application to the Examiner, after the latter named mark had been ordered to publication, for reconsideration in the light of the "Orange Frost" decision, and, upon this reconsideration, the Examiner refused the registration, largely or wholly upon the "Orange Frost" holding, and the Assistant Commissioner, who passed upon this case on appeal, did the same.

The issue before us is, first, whether the goods are of the same descriptive properties; and, if so, second, whether the marks are so similar as to be likely to cause confusion. It is also proper to consider whether the mark, or any portion thereof, is descriptive.

The extracts and syrups upon which the "Jack Frost" mark is applied are used for flavoring drinks which are dispensed at fountains, commonly referred to as soda fountains. As we understand from the record, applicant uses the mark "Lemon Frost" for drinks which have been prepared and probably bottled. These drinks are largely sold at the same places of business and at the same fountains. There can be no question but that, under the doctrine of numerous decisions of this court, the goods must be held to be of the same descriptive properties. Revere Sugar Refinery v. Joseph G. Salvato, 48 F.(2d) 400, 18 C. C. P. A. ——, and cases cited.

The flavoring extract is an ingredient of the finished beverage, and, in the sense of the trade-mark registration statute, is, the nature of the respective products being considered, of the same descriptive properties as the beverage into which it enters.

We take it that the use of the word "Lemon" in connection with "Frost" is for the purpose of indicating the flavor of the drink contained in the bottle to which "Lemon Frost" is applied. If so, and it be lemon flavor, that part of the mark is descriptive. If it be not lemon flavored, then that part of the mark would be misdescriptive. It is evident that "Lemon" alone would not be registerable as a trade-mark for use on applicant's goods, because of its descriptive character, but it is urged that the mark must be taken as a whole.

It seems clear that the words "Jack Frost" having been registered for use on goods of the same descriptive properties, it would not be permissible for applicant to register "Frost" alone for such use as is proposed.

"Jack Frost" is defined by Funk & Wagnalls New Standard Dictionary as "the personification of wintry weather." One definition of "Frost" is "minute crystals of ice formed directly from atmospheric water-vapor." In common parlance, "Frost" and "Jack Frost" are not infrequently used interchangeably. Either word, applied to the products of applicant, or to those for which the registration which led to the rejection of the application was secured, is suggestive, and doubtless is intended to be suggestive, of coldness in the drink.

Since "Lemon" is descriptive and "Frost" would be prohibited to applicant on account of the registration of "Jack Frost," the matter, under the facts of this case, resolves itself into a question of whether, by combining a descriptive word with a prohibitive word, applicant can be held to have created a nonconflicting arbitrary mark, not descriptive, and unlikely to cause confusion.

We do not think it may be properly so held.

It is assumed from the certificate of registration that "Jack Frost" is now being used, or could be used, on lemon flavoring for soda fountain beverages. If applicant be permitted to register "Lemon Frost" for

a lemon-flavored beverage the form of which differs from the fountain product only in the fact that it is contained in a bottle rather than being concocted at the fountain, the result, it seems to us, would likely confuse purchasers as to the products, particularly as to their origin.

The decision of the Commissioner is without error, and same is affirmed.

Affirmed.