690

23 C.C.P.A.(Patents)

## LUCIEN LELONG, Inc., v. ELGIN AMERICAN MFG. CO.

### Patent Appeal No. 3635.

Court of Customs and Patent Appeals.

June 1, 1936.

Charles W. Hills and Charles W. Hills, Jr., both of Washington, D. C., Alexander C. Mabee, of Chicago, Ill., and T. J. Mac-Kavanagh, of Washington, D. C., for appellant.

Ephraim Banning, of Chicago, Ill., and Charles R. Allen, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Elgin American Manufacturing Company, a corporation organized under the laws of the state of Illinois, filed an application for the registration of a trade-mark in the United States Patent Office in 1933. It was alleged that this mark had been adopted and used in connection with the sale of vanity cases, rouge boxes, compact boxes, eyebrow pencil holders, perfume and lipstick holders, jewel boxes, and the like, and it was represented that the trade-mark had been continuously used and applied to the said goods since November 14, 1932. The mark appears hereinafter.

The appellant, Lucien Lelong, incorporated under the laws of the states of Illinois and New York, opposed the registration, alleging in its notice of opposition that it was engaged in the manufacture and sale of vanity cases, rouge boxes, and a line of articles similar to those claimed by Elgin American Manufacturing Company, as hereinbefore mentioned, and that it had sold the same since prior to November 14, 1932, in connection with a trade-mark which is described in the notice of opposition as follows: "* * * Which consists of the illustration of a solid square within an L-shaped figure, within a larger L-shaped figure, all enclosed in a square. * * *" This mark was registered by the appellant on April 23, 1929, and appears hereinafter.

The opposer also averred that it had sold perfume, toilet water, hair lotions, and similar products, since prior to November 14, 1932, under the trade-mark last aforesaid. The notice of opposition also alleged that the opposer had built up a valuable good will in its trade-mark, and that it would be damaged, and confusion in trade would result, if the proposed trade-mark of the appellee was registered; that the goods upon which the marks are used are similar, and that the marks are confusingly similar. To this an answer was filed by the appellee denying the confusing similarity of the marks and denying damage. The answer also sets up an opposition proceeding originated by one Lentheric, Inc., and claims certain advantages resulting from a stipulation of settlement in said opposition proceedings. However, as the matter appears to the court, it will not be necessary to give any further attention to the Lentheric subject matter.

It also appears from the said answer that since long prior to 1927 the appellee has used a trade-mark, E A M, registered under No. 116,616, on May 15, 1917, and that at times said mark was associated with the

representation of an arrow, including a head, shaft, and feathers, which arrow was represented as piercing the letters E A M.

It is also stated that another trade-mark had been used by the appellee prior to 1927, known as the Betty Jane mark, which was used on goods of the same specific character, and which consisted of the representation of a young lady with a powder puff, surrounded by a square, and with a black square in the upper left-hand corner.

Evidence was taken by both parties. The only matter which is particularly suggestive in this evidence is the fact that the appellee, Elgin American Manufacturing Company, has, for many years, made containers for the appellant, upon which were placed at times the mark of which the appellant claims advantage in this proceeding. Some argument is made from this circumstance that the appellee is and has been attempting to copy the trade-mark of the appellant, and has produced a mark which is similar to, and confusing with, the mark of the appellant.

The Examiner of Interferences was of opinion that the appellee had become thoroughly familiar with the mark used by the appellant, by having placed the same upon goods manufactured by it for appellant, and was of opinion that the marks might be placed upon goods where they were of a size that the differences would not be readily discernible. He was of opinion also that the resemblances of the marks "are believed to predominate." Being of that opinion, the opposition was sustained and registration refused.

The Commissioner of Patents, on appeal, took a different view of the matter, and thought there were few points of resemblance between the marks of the parties. In summing up, he said: " * * * In other words, I think that to the average individual it would require conscious effort to detect and point out such features as are common to both marks, and that there is thus no reasonable probability of confusion between the marks as a whole."

Finding no confusing similarity to exist, the Commissioner of Patents reversed the decision of the Examiner.

It is somewhat difficult to give an accurate description of these competing marks, and, inasmuch as the decision of this case necessarily rests upon the visual impression which they make upon the mind of the observer, the marks are here shown:

 

Appellant's mark.     Appellee's mark.

From the exhibits which have been introduced and the testimony of the witnesses, it appears that the marks of the parties are ordinarily placed upon the goods or containers in a manner and position and of a size where their characteristics are fully displayed. For instance, Exhibit 3, offered in behalf of appellant, is a compact bearing thereon the trade-mark of the appellant; the trade-mark being approximately ⁹⁄₁₆ of an inch square.

We are of opinion that the Commissioner of Patents came to the proper conclusion in the matter. The marks of the parties, as a whole, are not such as would be apt to confuse purchasers. It is argued that parts of the mark of appellee might be used, for instance, the portion resembling chevrons and a square, and that, as so used, it would be confusingly similar to the mark of appellant. But we cannot presume that the parties will use a part of their registered marks only, or that they will willfully indulge in practices which are subversive of the rights of some other registrant. The marks, so far as this court is concerned, must be taken as they are registered, with the presumption that the parties will use the marks as registered. The evidence shows that for a considerable period the appellee has used a trade-mark which included a broad arrowhead, and it is no far stretch of the imagination to conclude that the same mark might be carried, to a degree, into appellee's present design. In addition, the letters E A are used, which are distinctive so far as the comparison of the marks is concerned. The border of the square, also being composed of four flat pyramids with alternating white and black portions, is entirely different and distinct from the black square used by the appellant. We are satisfied there is no confusing similarity.

Counsel for appellant relies somewhat upon our decision in Aktiengesellschaft Für Feinmechanik· Vormals Jetter & Scheerer v. Kny-Scheerer Corporation, reported in 80 F.(2d) 268, 270, 23 C.C.P.A.(Patents) ——. A deciding factor in that case was the fact that the trade-marks were used in such a small form as applied to the goods that the court was forced to the observation:

"The goods upon which the marks are used are comparatively small and naturally the marks· become extremely small when affixed to the goods. When so reduced, the distinguishing features fade away and the resemblances become pronounced. * * *

"When thus reduced in size it becomes at once apparent that the unwary purchaser would likely be confused by the concurrent use of both marks on goods of the same descriptive properties."

No such difficulty exists here, and the differences between the marks, as applied to the goods, are amply sufficient to prevent any confusion.

The decision of the Commissioner of Patents is affirmed.

Affirmed.