26 C.C.P.A.(Patents)

**AMERICAN BREWING CO., Inc., v. DEL-ATOUR BEVERAGE CORPORATION.***

**Patent Appeal No. 4022.**

Court of Customs and Patent Appeals.

Dec. 19, 1938.

Mason, Fenwick & Lawrence, of Washington, D. C. (Edward G. Fenwick and Charles R. Fenwick, both of Washington, D. C., of counsel), for appellant.

Charles R. Allen, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding wherein the Commissioner of Patents reversed a decision of the Examiner of Interferences which granted appellant's petition for cancellation of appellee's registered mark.

The trade-mark registration sought to be cancelled, No. 188,408, was issued on August 26, 1924, to the Delatour Beverage Corporation of New York for use on gin-

*Rehearing denied Feb. 6, 1939.

ger ale. The mark consists of a representation of the Statue of Liberty and the printed words "America Dry Ginger Ale." The registration statement contains the following:

"* * * no claim being made to the printed words apart from the mark shown in the drawing.

"The trade-mark has been continuously used in its business since the seventeenth day of January, 1924."

Appellant's petition for cancellation, filed October 21, 1933, alleged that it and its predecessors long prior to January 17, 1924, had adopted and used as a trade-mark upon beer and ale a composite mark consisting of a representation of the Statue of Liberty and the word "Liberty;" that the goods upon which the marks of the respective parties are used, viz., beer and ale on the one hand and ginger ale on the other, are of the same descriptive properties; that the marks are deceptively similar, and that the use by the registrant of the word "America" as a part of its trade-mark sought to be cancelled amounts to an appropriation of an essential feature of petitioner's corporate name, American Brewing Company. The petition contains the usual allegations of damage to appellant by the registration sought to be cancelled.

Appellee, America Dry Corporation, answered said petition and alleged that by mesne assignments it had succeeded to the rights of Delatour Beverage Corporation in the registration sought to be cancelled; that the marks of the parties are not confusingly similar; that the use of the words "America Dry" as a part of its trade-mark is not the appropriation of an essential feature of appellant's corporate name, and denied that appellant had been or would be damaged.

Both sides took testimony.

The Examiner of Interferences held that appellee had not established that it was the assignee of the registration to Delatour Beverage Corporation, and sustained appellant's petition for cancellation.

Upon appeal the commissioner reversed the decision of the examiner, holding that title in appellee had been sufficiently established, and upon the merits held that the marks of appellant and appellee were not confusingly similar.

It thus appears that two issues are presented: first, whether or not appellee has established title to the registration which is here sought to be cancelled, and second, whether the respective marks of the parties are confusingly similar.

In view of the conclusion we have reached upon the second of these issues we will assume, without deciding, that appellee has properly established title to the registration sought to be cancelled, and proceed to a consideration of the issue of confusing similarity of the involved marks.

Section 13 of the Trade-Mark Act of February 20, 1905, 33 Stat. 728, 15 U.S.C.A. § 93, reads as follows: "Sec. 13 [§ 93]. Whenever any person shall deem himself injured by the registration of a trade-mark in the Patent Office he may at any time apply to the Commissioner of Patents to cancel the registration thereof. The commissioner shall refer such application to the examiner in charge of interferences, who is empowered to hear and determine this question and who shall give notice thereof to the registrant. If it appear after a hearing before the examiner that the registrant was not entitled to the use of the mark at the date of his application for registration thereof, or that the mark is not used by the registrant, or has been abandoned, and the examiner shall so decide, the commissioner shall cancel the registration. Appeal may be taken to the commissioner in person from the decision of examiner of interferences."

The Examiner of Interferences, in his decision sustaining appellant's petition for cancellation, did not discuss the question of the confusing similarity of the marks. The commissioner in his decision stated:

"Respondent's mark is 'America Dry Ginger Ale' in association with a picture of the Statue of Liberty, and it is registered for use with ginger ale. Petitioner's mark is the word 'Liberty' in association with a picture of the Statue of Liberty. It is used with beer and ale, and has been so used since a date prior to respondent's alleged date of first use of the registered mark. The only feature common to both marks is the picture.

"In my opinion the goods of the parties are of the same descriptive properties within the meaning of the Trade-Mark Act, but they are nevertheless specifically different. Regardless of the occurrence of a representation of the Statue of Liberty in both marks I am convinced that there is no reasonable likelihood of confusion between them as applied to such goods. No actual confusion has been proved, nor is there any

evidence that petitioner has been injured. In a proper case damage will be presumed, but I do not think that any such presumption is warranted here."

■ We are in accord with the holding of the commissioner that the record establishes that appellant's use as a trade-mark of the word "Liberty" in association with a picture of the Statue of Liberty antedates the application upon which the Delatour Beverage Corporation was granted registration of its mark.

The commissioner, however, makes no mention of the fact that in the registration of the Delatour Beverage Corporation the words "America Dry Ginger Ale" are disclaimed apart from the mark shown in the drawing, which is a representation of the Statue of Liberty.

■ We also agree with the commissioner that the goods upon which the respective marks are used are of the same descriptive properties.

■ If the disclaimed words, "America Dry Ginger Ale," in registrant's mark should be given the same prominence and weight as the representation of the Statue of Liberty therein, we could agree with the commissioner that, considering the difference in goods and the differences in the marks, there is no reasonable likelihood of confusion arising from the use of the respective marks; but we are of the opinion that disclaimed descriptive words in a mark should not be given the same prominence as that portion of the mark which possesses all of the qualities of a valid technical trade-mark. It is true that the general rule is that marks should be regarded in their entirety, including disclaimed words, but we do not think it could well be argued that disclaimed descriptive words could ever constitute the dominant part of a mark.

In the case of Beckwith v. Commissioner of Patents, 252 U.S. 538, 546, 40 S.Ct. 414, 417, 64 L.Ed. 705, the court said: "* * * a disclaimer on the part of applicant that no claim is made to the use of the words 'Moistair Heating System' apart from the mark as shown in the drawing and as described, would preserve to all others the right to use these words in the future to truthfully describe a like property or result of another system, provided only that they be not used in a trade-mark which so nearly resembles that of the petitioner 'as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers' when applied 'to merchandise of the same descriptive properties.' Section 5 [15 U.S.C.A. § 85]."

■ Inasmuch as the disclaimed words are clearly not registrable, apart from the mark shown, any one has the right to use those words in a descriptive way, if descriptive of his merchandise. It therefore seems to us that the disclaimed words, although they are a part of the mark, could only in a very minor degree indicate origin of goods in the registrant.

■■ It follows from the foregoing that, in our opinion, the representation of the Statue of Liberty is the dominant portion of the mark sought to be cancelled, and that, considering the registrant's mark as a whole, it is confusingly similar to appellant's mark, and the concurrent use of the marks would be likely to deceive purchasers. This being true, damage to appellant by the use of the mark sought to be cancelled will be presumed, appellant being the prior user of its mark, and the evidence establishing that it was using its mark at the time its petition for cancellation was filed. American Cyanamid Co. v. Synthetic Nitrogen Products Corp., 58 F.2d 834, 19 C.C.P.A., Patents, 1235.

We are frank to say that, after diligent search, we have been unable to find any decisions directly in point upon the relative importance of disclaimed descriptive words in a trade-mark, as compared with the balance of the mark. However, two cases have been decided by us which, we think, are applicable in principle to this question.

The first is the case of Charles R. Spicer, etc. v. W. H. Bull Medicine Co., 49 F. 2d 980, 18 C.C.P.A. Patents 1402. In that case appellee sought to cancel a registration of appellant under the ten-year clause of the Trade-mark Act of 1905. Appellant's mark which was registered consisted of the notation "Spicer's Nux Herbs and Iron;" the name "Spicer's" and the words "Nux," "Herbs," and "Iron" were disclaimed apart from the mark as shown. Appellee's mark consisted of the words "W. H. Bull's Herbs and Iron," associated with a fanciful picture. No words in this mark were disclaimed. In our opinion we stated [page 981]: "We think the commissioner erred in holding that the words 'Herbs and Iron' are the essential or dominant feature of appellee's mark. In appellee's application, upon which the registration was issued, it is stated that it adopted the mark 'for a medicinal preparation made from

herbs and iron.' We think it apparent that these words were used in the mark solely to describe the goods, and that the essential and dominant features of the mark were the name 'W. H. Bull's' and the pictorial representation: We may say, in passing, that the words 'Trade Mark' are found in the oval containing the picture and above the word 'Iron.' "

So we think in the case at bar that the words "America Dry Ginger Ale" are used in the mark to describe the goods, and that the essential and dominant feature of the mark sought to be cancelled is the pictorial representation of the Statue of Liberty.

In the case of Bon Ami Company v. McKesson & Robbins, Inc., 93 F.2d 915, 25 C.C.P.A., Patents, 826, the involved marks were "Bon Ami," applied to soap in cake and powder form and on tooth paste, and the mark "Shav-ami," associated with the words "brushless shave," applied to shaving cream. The words "brushless shave" were disclaimed apart from the mark shown. We held that there was likelihood of confusion in the concurrent use of the two marks. Judge Hatfield, in a concurring opinion, stated [page 916]: "If all that a newcomer in the field need do in order to avoid the charge of confusing similarity is to select a word descriptive of his goods and combine it with a word which is the dominant feature of a registered trade-mark so that the borrowed word becomes the dominant feature of his mark, the registered trade-mark, made valuable and outstanding by extensive advertising and use, soon becomes of little value, and, of course, each of the subsequent imitating trade-marks (and there would be many) is of value only to the extent that its users are trading on the good will of the owner of the original registered trade-mark."

We think the observations last above quoted are applicable here, and that confusing similarity between two trade-marks may not be avoided by the later user merely by adding descriptive disclaimed words to a technical mark clearly similar to the mark of the earlier user. Were it otherwise, one desiring to profit from another's trade-mark could appropriate it and, by superimposing upon it a number of descriptive words, not in themselves registrable, and therefore disclaimed apart from the mark shown, secure registration of the same, because the two marks would not be confusingly similar if the descriptive disclaimed words be given the same effect, in considering the mark as a whole, as if such disclaimed words were in themselves registrable as a valid trade-mark. In other words, it can not be that an applicant, by combining a technical trade-mark and descriptive words, neither of which alone would be registrable to him, can produce a composite mark which is registrable.

■ Upon the suggestion by appellee of a diminution of the record, on certiorari certain additional parts of the record were certified to this court by the Patent Office. Our order provided that the costs incident thereto should be subsequently taxed by us. Upon inspection of these papers so certified, we conclude that they were reasonably necessary to the proper disposition of the issues, as embodied in the reasons of appeal and the arguments in the brief of appellant. Therefore, the costs of printing the additions to the record will be taxed against appellant.

For the reasons herein stated, the decision of the Commissioner of Patents is reversed, with directions to grant appellant's petition for cancellation.

Reversed.