27 C.C.P.A. (Patents)

## KASKO DISTILLERS PRODUCTS CORPORATION v. RECORDS & GOLDSBOROUGH, Inc.

### Patent Appeal No. 4252.

Court of Customs and Patent Appeals.

Feb. 26, 1940.

A. W. Murray, of Chicago, Ill., for appellant.

Herbert J. Jacobi, of Washington, D. C. (Howard J. Whelan, of Baltimore, Md., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant applied for registration of the words "Maryland Rose" as a trade-mark for whisky, alleging use of the mark from October 1, 1934. Appellee opposed the application, relying on ownership of the trade-mark "Melrose" registered October 17, 1933, for the same goods, under the ten-year proviso of section 5 of the Act of February 20, 1905, as amended, 15 U.S.C.A. § 85. Neither party took testimony. The opposition was sustained by the Examiner of Interferences, who held that the use of the words "Maryland Rose" upon goods identical with those upon which "Melrose" is used would be reasonably likely to cause confusion as to origin. The Examiner of Interferences further held that the mark of the appellant is not entitled to registration on the ground that the word "Maryland" shown in the mark is merely a geographical term. Appellant then tendered a disclaimer of the word "Maryland" which disclaimer was refused entry by the Examiner of Interferences.

Upon appeal, the Commissioner of Patents affirmed the decision of the examiner, stating as follows: "* * * If my conclusion is correct that applicant's mark is confusingly similar to opposer's mark, it obviously would remain so even though the disclaimer were entered. Should applicant finally prevail in the opposition proceeding the disclaimer may then be presented to the examiner of trade-marks for appropriate

action. Until then it has no bearing upon applicant's right to register its mark."

From the decision of the commissioner this appeal was taken.

In view of our conclusion, it is necessary only to discuss the question as to whether or not the words "Maryland Rose" and "Melrose" used on whiskey are so similar as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers.

The commissioner, in his decision, stated as follows: "'Melrose' and 'Maryland Rose' differ considerably in appearance; but when pronounced they sound very much alike, and may, I think, be confused by a considerable number of purchasers. As was observed by the Court of Customs and Patent Appeals in Englander v. Continental Distilling Co., 95 F.2d 320, 25 C.C.P.A. [Patents] 1022, this would be 'particularly true where the goods of the parties are purchased by the drink rather than by the bottle,' for then the purchaser usually has no opportunity to see either mark and must depend entirely on sound. Resolving possible doubts in favor of the first comer, it is my opinion that the opposition was properly sustained."

We cannot agree with the reasoning of the commissioner. The mark sought to be registered consists of two words. The mark of appellee is but one word. To the ocular sense they are not at all similar. There are four syllables in the name "Maryland Rose" and but two in the word "Melrose." While the word "rose" in the former is pronounced as is the last syllable in the latter, we do not believe there is a similarity of sound when the respective marks are pronounced. As to the meaning or significance, we can see no similarity at all. "Melrose" means sweet rose, or honey rose, and is derived directly from the Latin words *mel* for honey and *rosa* for rose. See Funk and Wagnalls New Standard Dictionary. It is also a geographical name. "Maryland Rose" can convey no meaning but that of a rose of, or from, or named after the state of Maryland.

Since the marks of the parties do not look alike, sound alike, nor convey anything of identity in meaning, we cannot see how their concurrent use on whiskey would be likely to cause confusion in a statutory sense.

The case of Englander, etc., v. Continental Distilling Co., 95 F.2d 320, 324, 25 C.C.P.A., Patents, 1022, cited by the commissioner, is not applicable to the facts in the instant case. That case was a trade-mark opposition proceeding in which the appellee, owner of the registered trade-mark "Silver Shield" for use on whiskey, gin, rum, rye, brandy and cordials, opposed the application of appellant for registration of a trade-mark comprising the words "Silver Bar" in association with the picture of a man in medieval garb bearing a shield. The trade-mark sought to be registered was for use upon substantially the same goods. In that case we quoted from the decision of the commissioner as follows: "While the design must, of course, be considered as a part of the composite mark, the fact remains, as pointed out by the examiner of interferences, 'that purchasers would recognize and call for the applicant's goods by the only spoken symbol included in the mark affixed thereto, namely, the notation "Silver Bar."' As purchasers of the goods here involved frequently order by the drink, and have no opportunity to see the labels, this becomes a matter of considerable importance in determining the probability of confusion."

While we approved the language used by the commissioner, that where purchasers did not have the opportunity of seeing either of the trade-marks confusion might be accentuated, we expressly stated that our decision was not based entirely on that proposition. We said: "It is true, as argued by counsel for appellant, that the word 'bar' in appellant's mark differs substantially from the word 'shield' in appellee's mark. However, the marks should be considered as a whole, and we are of opinion that, when so considered, the differences between the words 'bar' and 'shield' are not sufficient to warrant a holding that the marks 'Silver Bar' and 'Silver Shield' are not confusingly similar when used on alcoholic beverages, such as whiskey, gin, etc.", and held squarely that the concurrent use of the respective marks "would be likely to cause confusion, *whether the goods of the parties are purchased by the drink or otherwise * * *.*" (Italics supplied)

Because of the radical differences in the marks of the respective parties herein set forth, in our opinion there is no likelihood of confusion in the concurrent use of the same.

The decision appealed from is reversed.

Reversed.