27 C.C.P.A.(Patents)

FRANKFORT DISTILLERIES, Inc., v. KASKO DISTILLERS PRODUCTS CORPORATION.

Patent Appeal No. 4305.

Court of Customs and Patent Appeals.

May 6, 1940.

Rehearing Denied June 21, 1940.

JACKSON, Associate Judge, dissenting.

482

R. J. Mawhinney, of Washington, D. C., for appellant.

A. W. Murray, of Chicago, Ill., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal in a trade-mark opposition proceeding wherein the Commissioner of Patents reversed a decision of the Examiner of Interferences which sustained appellant's notice of opposition to the registration by appellee of the words "Maryland Rose" as applied to whiskey.

Appellee's application was filed on May 1, 1937, and it is therein stated that its said mark had been continuously applied to its goods (whiskey) since October 1, 1934.

The notice of opposition alleged appellant's use upon whiskey of the mark "Four Roses" long prior to October 1, 1934, and two registrations of the same, one of which was issued on July 24, 1934. In said notice it was also alleged that the marks of the respective parties were confusingly similar, and that appellant would be damaged by the registration of appellee's mark.

Both parties took testimony. It was established that the use by appellant of the mark "Four Roses" long antedated the use by appellee of its mark, and that appellant has expended large sums of money in practically every medium of advertising and has made its goods marked as aforesaid familiar to purchasers in every part of the United States.

After the testimony in behalf of the respective parties had been completed, appellee moved to amend its application by disclaiming the word "Maryland" apart from the mark shown. This motion was denied by the Examiner of Interferences. With respect to this attempted disclaimer, the commissioner in his decision stated: "Applicant tendered a disclaimer of the geographical term 'Maryland,' which for sufficient reasons the examiner of interferences refused to enter. His ruling in that regard will not be disturbed. It does not affect the rights of the parties in so far as this proceeding is concerned, and if applicant finally prevails the disclaimer may be presented to the examiner of trademarks for appropriate action."

We are of the opinion that the commissioner erred in reversing the decision of the Examiner of Interferences upon the merits, and that such decision should have been affirmed.

While it is true that in determining the question of similarity of different trade-marks they must be considered as a whole, it is well established that one word or feature of a mark may be the dominant portion thereof and be given greater force and effect than other parts of the mark. American Brewing Company, Inc. v. Delatour Beverage Corporation, etc., 100 F.2d 253, 26 C.C.P.A., Patents, 778; Baltimore Paint & Color Works v. Bennett Glass & Paint Co., 40 F.2d 1009, 17 C.C.P.A., Patents, 1269; Bon Ami Company v. McKesson & Robbins, Inc., 93 F.2d 915, 25 C.C.P.A., Patents, 826; Charles R. Spicer, etc. v. W. H. Bull Medicine Co., 49 F.2d 980, 18 C.C.P.A., Patents, 1402.

In accordance with this rule, in the case of Richard Hellman, Inc., v. Oakford & Fahnestock, 54 F.2d 423, 19 C.C.P.A., Patents, 816, we held that the marks "Richard Hellman's Blue Ribbon" and "Blue Ribbon" were confusingly similar when used upon identical goods.

In the case of Baltimore Paint & Color Works v. Bennett Glass & Paint Co., supra, we held that the mark "Surface Insurance Policy Products" was confusingly similar to the mark "Property Life Insurance" used upon identical goods.

These cases are cited to illustrate the fact that, although one part of a mark may be less conspicuous than another part, the less conspicuous part may be the dominant portion thereof.

If the purchaser of trade-marked goods would be more likely to remember one part of a mark than another part as indicating origin of the goods, such word is the dominant part of the mark under the decisions above cited.

In the case of American Brewing Company, Inc. v. Delatour Beverage Corporation, etc., supra [100 F.2d 256, 26 C.C.P.A., Patents, 78], we quoted with approval from the concurring opinion of Judge Hatfield in the case of Bon Ami Company v. McKesson & Robbins, Inc., supra, as follows:

"If all that a newcomer in the field need do in order to avoid the charge of confusing similarity is to select a word descriptive of his goods and combine it with a word which is the dominant feature of a registered trade-mark so that the borrowed word becomes the dominant feature of his mark, the registered trade-mark, made valuable and outstanding by extensive advertising and use, soon becomes of little value, and, of course, each of the subsequent imitating trade-marks (and there would be many) is of value only to the extent that its users are trading on the good will of the owner of the original registered trade-mark."

In said case of American Brewing Company, Inc. v. Delatour Beverage Corporation, etc., supra, after quoting the foregoing, we stated: "We think the observations last above quoted are applicable here, and that confusing similarity between two trade-marks may not be avoided by the later user merely by adding descriptive disclaimed words to a technical mark clearly similar to the mark of the earlier user. Were it otherwise, one desiring to profit from another's trade-mark could appropriate it and, by superimposing upon it a number of descriptive words, not in themselves registrable, and therefore disclaimed apart from the mark shown, secure registration of the same, because the two marks would not be confusingly similar if the descriptive disclaimed words be given the same effect, in considering the mark as a whole, as if such disclaimed words were in themselves registrable as a valid trade-mark. In other words, it can not be that an applicant, by combining a technical trade-mark and descriptive words, neither of which alone would be registrable to him, can produce a composite mark which is registrable."

In the case of In re Coca Cola Bottling Co. of Los Angeles, 49 F.2d 838, 839, 18 C.C.P.A.Patents 1384, the question involved was whether the mark "Lemon Frost" used as a trade-mark on a soft drink was confusingly similar to the mark "Jack Frost" used upon extracts and syrups for making non-alcoholic, maltless beverages. In our decision we stated:

"Since 'Lemon' is descriptive and 'Frost' would be prohibited to applicant on account of the registration of 'Jack Frost,' the matter, under the facts of this case, resolves itself into a question of whether, by combining a descriptive word with a prohibitive word, applicant can be held to have created a nonconflicting arbitrary mark, not descriptive, and unlikely to cause confusion.

"We do not think it may be properly so held."

While the three cases last above cited refer to descriptive words in a trade-mark, the same principle is applicable to geographical terms, for such terms, like descriptive words, cannot, unless they have a secondary meaning, indicate origin of the goods in the producer thereof.

It is clear to us that the word "Rose" is the dominant part of appellee's mark, the word "Maryland" not in any way indicating to purchasers the origin of the goods in the distiller, but only the State in which the goods are produced. It is likewise clear that in appellant's mark "Four Roses" the dominant part is the word "Roses."

It appears from the record that appellant has expended large sums of money in advertising its "Four Roses" brand of whiskey and its sales of this brand amount to several million dollars per year. It is an old trade-mark originating with appellant's predecessor prior to 1923.

There is nothing in the record to indicate the amount of sales of appellee's brand of "Maryland Rose" whiskey, and there is no evidence respecting the date of adoption of its said mark; but, as hereinbefore stated, its application, which was filed May 1, 1937, states that the mark had been used by appellee since October 1, 1934.

It will be seen from the foregoing that appellee has adopted as the dominant part of its mark the dominant part of appellant's mark, except that in appellee's mark the dominant part is the word "Rose," while in appellant's mark the dominant part is the plural of rose, viz., "Roses."

In the case of Carmel Wine Company v. California Winery, 38 App.D.C. 1, the court stated: " * * * It goes without saying that one has no right to incorporate the mark of another as an essential feature of his mark. Such a practice would lead to no end of confusion, and deprive the owner of a mark of the just protection which the law accords him."

The testimony shows that appellant's brand of whiskey is often called for under the name of "Roses," and it is clear to us that it is this part of appellant's mark

that would be remembered by ordinary purchasers, and that the word "Rose" in appellee's mark is the part that would be remembered by such purchasers. It therefore follows, in our opinion, that appellee's mark, considered as a whole, so nearly resembles appellant's mark as to be likely to cause confusion or mistake in the mind of the public.

It may be thought by some that our decision in the case of Kasko Distillers Products Corp. v. Records & Goldsborough, Inc., Patent Appeal No. 4252, 109 F.2d 823, 27 C.C.P.A., Patents, ——, is inconsistent with the views here expressed, but we do not so regard it. There the competing marks were "Melrose" and "Maryland Rose" used upon identical goods. "Melrose" was a single word and in our opinion the ordinary purchaser would not dissect the word "Melrose" and remember only the last syllable of it. The real question discussed in the opinion in that case was whether the entire mark "Maryland Rose" was confusingly similar to the mark "Melrose," giving equal significance to each of the words "Maryland" and "Rose." Whether the last syllable of the mark "Melrose" was the dominant part thereof was not discussed or suggested in our decision, the term "Melrose" not being hyphenated.

Moreover, it is a fair assumption, in view of the extensive advertising by appellant of its "Four Roses" brand of whiskey and the very large sales thereof, that appellee's officers had knowledge of appellant's mark, and when it adopted its mark appellee must have expected to profit by the similarity of the same to appellant's mark.

For the reasons hereinabove stated, the decision of the Commissioner of Patents is reversed.

Reversed.

JACKSON, Associate Judge (dissenting).

The decision of the commissioner should be sustained. In my opinion the respective marks should be considered as a whole. I can see no conspicuous feature in either of the marks. Certainly when they are considered as a whole with respect to their appearance, sound and meaning they differ radically. I see no occasion to take the marks apart, and I think the rule as stated by us in the case of Norris, Inc., v. Charms Co., Patent Appeal No. 4288, 111 F.2d 479, 27 C.C.P.A., Patents, ——, decided concurrently, is applicable in the instant case. In that case we said: "It is a familiar rule that in determining the similarity of trade-marks they shall be viewed as a whole. This principle is so elementary in trade-mark law as to require no citation of authority. In determining the question of similarity and the likelihood of confusion, where the goods upon which the respective marks are used are identical * * *, the appearance of the marks, their sound and meaning are all to be taken into consideration. If any or all of these elements suggest the probability of confusion, or if there is doubt on the question, the newcomer's mark is not entitled to registration."

The commissioner, in his decision, with respect to the word "roses" alone being used in calling for the goods of appellant, in my opinion, reasoned correctly as follows:

"Opposer points out that its 'Four Roses' whiskey is often referred to by the single word 'Roses;' but no claim is made that this word alone has ever been used by opposer as a trade-mark, or in a manner analogous thereto. Moreover the word does not occur in applicant's mark, nor is there anything in the record to indicate that applicant's similar word, 'Rose,' is ever used alone; and the presumption is that it will be used only in association with the equally prominent word, 'Maryland.' See Lucien Lelong, Inc. v. Elgin American Manufacturing Co., 83 F.2d 690, 691, 23 C.C.P.A. 1139, where the court said:

"'But we cannot presume that the parties will use a part of their registered marks only, or that they will willfully indulge in practices which are subversive of the rights of some other registrant. The marks, so far as this court is concerned, must be taken as they are registered, with the presumption that the parties will use the marks as registered.'"

In passing, it is not amiss to observe that consumers who are careful and discriminating enough to purchase whiskey by brand or name know exactly what they wish to buy and see to it that they get what they ask for.