27 C.C.P.A.(Patents)

### NORRIS, Inc., v. CHARMS CO.
### Patent Appeal No. 4288.

Court of Customs and Patent Appeals.
May 6, 1940.

480

Hirsch, Smith & Kilpatrick and Ernest P. Rogers, all of Atlanta, Ga., and Browne & Phelps and Thomas L. Mead, Jr., all of Washington, D. C., for appellant.

William F. Nickel, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

In this appeal from the decision of the Commissioner of Patents, appellant challenges the correctness of his decision in affirming that of the Examiner of Interferences in sustaining the petition of the appellee for the cancellation of appellant's registered trade-mark "Charmant," No. 344,410, which was registered March 23, 1937, for use on candy. Appellant alleged a trade-mark use since September 1929. Appellee's trade-mark, upon which the petition for cancellation is based, consists of the word "Charms" which was registered May 4, 1920, No. 130,669, also for use upon candy. Appellee in its application for registra-

tion alleged a use of said mark since October 1917.

Appellant very frankly and concisely states the issue: "* * * The goods of the parties admittedly possess the same descriptive properties and the only contention presented by the pleadings, arguments and briefs of the parties before the Examiner of Interferences and the Commission'er of Patents was that of confusing similarity, it being conceded that appellee was the prior adopter, user and registrant." .

The question to be determined is whether or not, in view of the registered trademark "Charms," appellant was entitled at the time of registration to register "Charmant" for goods of the same descriptive properties as those sold under the registered trade-mark "Charms." In other words, did the mark "Charmant" so nearly resemble the registered mark "Charms" that confusion or mistake in the mind of the public or deception of purchasers was likely to result from concurrent use of the two marks upon identical goods, so as to invoke the prohibition relating to registration in subsection (b) of section 5 of the Trade-Mark Act of February 20, 1905, as amended, 15 U.S.C.A. § 85(b)? Otherwise stated, did the mark of appellant, used upon candy distinguish its goods from other goods of the same class in accordance with the mandatory provisions of the first part of section 5 of said act?

It may be observed that appellant contends that its mark is used upon its "dollar package" while that of appellee is used upon "five-cent candies," and that there is some difference in the kind of candy sold by the respective parties. The marks are registered for use broadly upon candy and we regard the circumstance of the difference in the size of the packages now used and the difference in the character of candy sold as being immaterial in determining the issue in this case.

It is a familiar rule that in determining the similarity of trade-marks they shall be viewed as a whole. This principle is so elementary in trade-mark law as to require no citation of authority. In determining the question of similarity and the likelihood of confusion, where the goods upon which the respective marks are used are identical (in the instant case, candy), the appearance of the marks, their sound and meaning are all to be taken into consideration. If any or all of these elements

suggest the probability of confusion, or if there is doubt on the question, the newcomer's mark is not entitled to registration.

According to the record, appellee has continuously used its mark "Charms" on candy since 1917. It further appears that it has sold and advertised its products throughout the United States for more than twenty years, sales reaching in one state as high as $20,000 per year, and that the advertising of said goods under said mark has been extensive throughout the United States.

Appellant contends that a concurrent use of the two marks in the same market for eight years on the respective goods involved has, according to the record, shown no confusion as to ownership and that this should be taken into consideration in determining the likelihood of confusion arising at the time appellant's mark was registered.

It is well understood that in determining the likelihood of confusion arising from the similarity of concurrently used trade-marks, the fact that no actual confusion has been proved is not determinative of the question as to whether at the time of registration there was a likelihood of such confusion. The fact that the record does not affirmatively show that confusion has existed in the past does not necessarily prove that actual confusion does not now exist or that by reason of the variation of trade practices it may not be likely to exist in the future.

The only difference between appellant's mark and that of appellee is in the syllable "ant" of appellant's mark and the omission of "s" in appellee's mark. The word "Charmant" is a French one, said to mean "charming" or "lovely." It is obvious that the mark in appearance, sound and meaning is quite similar to the word "Charms." We think appellant's use of its said mark will not distinguish its goods from those of the petitioner; that if the two marks are concurrently used on identical goods there is, in a statutory sense, a likelihood of confusion resulting; that the Patent Office tribunals correctly concluded that appellant's mark should not have been registered, and that it should be cancelled. The decision of the Commissioner of Patents, affirming that of the Examiner of Interferences, requiring that the mark be cancelled, is affirmed.

Affirmed.