27 C.C.P.A. (Patents)

**BURSTEIN v. SEVEN–UP CO.**

Patent Appeal No. 4331.

Court of Customs and Patent Appeals.

May 29, 1940.

M. E. Jones, of Washington, D. C., for appellant.

No appearance for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents affirming that of the Examiner of Interferences sustaining an opposition made by appellee to the registration by appellant of the notation "Hy Up" displayed upon a panel in association with a profile view of the man in the moon interposed between the words, and a representation of what appellant's brief describes as a "milky way or starry sky," as a trade-mark for use on non-alcoholic, carbonated beverages and extracts.

Appellant's application was filed May 3, 1937, with use alleged since January 1, 1937.

The opposition is based upon registrations claimed to be owned by appellee as the successor of a company called the Howdy Company, the first of such registrations being the words "Seven Up," and the second the notation "7 Up." The first was registered February 5, 1929; the second January 7, 1936, both of which dates are prior to appellant's claimed use of his mark. Both of appellee's marks are for use on "nonalcoholic, noncereal, maltless beverages sold as soft drinks and syrups, extracts, and flavors used in making the same."

It is conceded that the goods of the respective parties are of the same descriptive properties, in fact practically identical.

One of the contentions in the brief filed before us on behalf of appellant (appellee filed none) is that the commissioner erred in holding that there was proof of identity of the Howdy Company and the Seven-Up Company, by which we suppose it was meant to assert that appellee had failed to establish chain of title to, or ownership of, the registered marks. This question, however, was not raised in the reasons of appeal assigned before us, although it was specifically ruled upon, adversely to appellant, by the commissioner, who held ownership by appellee to be sufficiently established. Under such circumstances we are not called upon to pass upon that question. It is not improper to say, however, that the commissioner went further and held, in substance, that it was unnecessary to analyze the evidence respecting appellee's ownership because the registrations, regardless of their ownership, would, in his opinion, bar appellant's registration.

In connection with appellant's reasons of appeal before us, which are six in number, it may be said that only No. 4 is sufficiently specific to meet the requirements of our rules. That reads: "4. The Commissioner erred in holding that appellant's mark is confusingly similar to the mark 7-up or Seven Up for the same description of goods."

Without regard to the insufficiency of the other reasons of appeal per se, we may say that the foregoing in fact raises the only issue which, in our opinion, requires consideration.

This issue does not seem to us to require elaborate discussion. That the contesting marks differ in appearance is obvious, not only by reason of the fanciful arrangement of the words "Hy Up" in appellant's mark, but by reason of the embellishment given it by the design portions of it, but when we take into consideration the character of the goods to which the marks are applied, the design feature can have little or no influence in determining the question of likelihood of confusion. The goods are of a character almost invariably called for by name by those desiring to purchase them; that is the purchaser almost invariably calls for "Seven Up" or "Hy Up," and does not take the trouble to describe the "milky way" or "starry sky." "Up" is an outstanding feature of both marks, and ordinarily would be pronounced in calling for the goods of either, and used in advertising either. Furthermore, when we come to the question of the per se meaning of the respective phrases it seems to us there is a certain association of thought or suggestiveness between them. The brief on behalf of appellant points out that "Seven Up" is the name of a well-known game played with cards. We assume that the court is expected to take judicial knowledge of this fact, as did the Examiner of Interferences. When this is done, we think we must also take cognizance of the fact that in playing the game the word "High" (of which "Hy" is a misspelling) is one of frequent use. So, when the per se meaning of the respective terms (we agree they are arbitrary as applied to the goods) is considered, there is, it appears to us, a suggestiveness of similarity. Appellee's marks designate a game and appellant's syllable "Hy" a point in that game.

The decision of the commissioner cited our decision in the case of King Kola Mfg. Co. v. Coca-Cola Co., 99 F.2d 983, 26 C.C.P.A., Patents, 704. We think that case quite pertinent here.

It is not improper to say that both parties to this controversy are located in the city of St. Louis, Missouri, and doubtless their businesses largely cover the same territory. This fact is not a controlling one but it is not improper to look to it in considering the question of the possibility of confusion in trade. It would seem that appellant as a newcomer in the field could have easily found a mark for his goods which did not embrace any portion of ap-

pellee's well known and established mark. We have considered the marks as a whole, of course, and have noted their differences along with their resemblances, with the result that, under all the circumstances shown, we regard it extremely probable that confusion in trade would result from the use of the respective marks.

The decision of the commissioner is affirmed.

Affirmed.