35 C.C.P.A.(Patents)

### SEVEN UP CO. v. WAGNER.

### Patent Appeals No. 5392.

Court of Customs and Patent Appeals.

Feb. 10, 1948.

John H. Cassidy, of St. Louis, Mo., for appellant.

Emory L. Groff, of Washington, D.C., for appellee.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents, 70 U.S.P.Q. 3, reversing the decision of the Examiner of Interferences sustaining appellant's opposition to the registration of appellee's trade-mark under section 5 of the Trade-Mark Act of February 20, 1905, 15 U.S. C.A. § 85.

Appellee's trade-mark consists of the term "Thumbs-Up" for use on "a fruit preparation for flavoring ice cream." The preparation includes melons and fruits, "other than citrus fruits cut into small pieces and mixed with their juices and with nuts and syrup."

It appears from appellee's application that appellee has continuously used the mark since December 9, 1941. There is some evidence of record that the mark was adopted by appellee long prior to the application for registration, but the evidence is clearly insufficient to establish that appellee had continuously used the mark prior to appellant's adoption and use of its mark. It appears from the record, therefore, that appellant was the first to use its mark continuously on its goods in interstate commerce.

Appellant's trade-mark consists of the terms "7 Up" and "Seven Up." Appellant's mark "Seven Up" was registered February 5, 1929, registration No. 252350, for use on "Carbonated, Nonalcoholic,

Noncereal, Maltless Beverages Sold As Soft Drinks And Syrups, Extracts, And Flavors Used In Making The Same." Its mark "7 Up", registration No. 331345, was registered January 7, 1936, for use on "Nonalcoholic, Noncereal, Maltless Beverages Sold As Soft Drinks, And Syrups, Extracts, And Flavors Used In Making The Same." Its mark "7 Up" was again registered October 26, 1943, registration No. 403990 for use on "Carbonated, Nonalcoholic, Noncereal Maltless Beverages, Sold As Soft Drinks;" and its mark "7 Up" was again registered for similar goods on March 14, 1944, registration No. 406182. There are other features in appellant's registered marks which need not be described here because the dominant features thereof are the terms "7 Up" and "Seven Up."

It appears from the stipulated testimony offered on behalf of appellant that its soft drink is composed of "carbonated water, sugar, citric acid, flavored with lemon and lime oils, and also has our '7 Up' reagents (lithium and sodium citrates) in it;" that its goods also include a "lemon-lime beverage" and syrups, extracts, and flavors used in making the same; that its trade-mark has not been used on any other beverage; that its beverage is sold throughout the United States and in foreign countries; that it sells its extract to "bottlers" who add sugar, water, and acid to complete the finished beverage; that its sales to "bottlers" have increased from 30,000 gallons of extract in 1930 to 60,000 gallons double strength extract in 1943 which is sufficient to make 1,000,000,000 seven-ounce bottles of the beverage "7 Up;" that appellant spent large sums of money, how much is not stated, in advertising its trade-mark and its goods and that the "bottlers" have spent an equal amount in advertising "7 Up" beverage over the radio, in newspapers, on billboards, neon signs, and other advertising means; and that "The '7 Up' extract could be used satisfactorily for general flavoring, including ice cream flavoring. For that purpose, however, other types of extracts derived from lemon and lime oils, less refined and less expensively prepared are customarily used. However, Seven Up extract has never been commercially used for the flavoring of any product other than Seven Up beverage."

It further appears from the record that at the time of the taking of testimony in this case, appellee was using its trademark "Thumbs-Up" only on the goods enumerated in its application for registration; that appellee has expended thousands of dollars, how much is not stated, "in advertising [its goods and its trade-mark] for display purposes to the ice cream manufacturing trade, as well as ice cream retail stores;" that Wiltz W. Wagner is the sole owner of Chas. P. Wagner & Bro.; and that appellee's firm "is engaged in the field of food chemistry, as engineers, manufacturers, exporters, importers and consultants," and sells its extracts, as well as its prepared fruit, for use in the making of ice cream.

We are in agreement with the tribunals of the Patent Office that the goods of the parties possess the same descriptive properties, however, we are of opinion, as was the Commissioner of Patents, that considering the differences in the goods and the respective marks of the parties, the concurrent use of the marks on the goods of the parties would not be likely to cause confusion in trade or deceive purchasers, and that appellee is entitled to the registration of its mark.

Counsel for appellant properly conceded that, as applied to the goods on which they are used, neither of the marks of the parties has any descriptive significance. He contends, however, that by the use of the word "Up" in appellee's mark, the marks as a whole are confusingly similar and, in support of that argument, calls attention to our decision in the case of Burstein v. Seven-Up Company, 111 F.2d 903, 27 C.C.P.A., Patents, 1202, in which we held that "Hy Up" was confusingly similar to appellant's mark "7 Up" and, in addition to that case, counsel for appellant also relies upon our decisions in the cases of In re Coca Cola Bottling Co. of Los Angeles, 49 F.2d 838, 18 C.C.P.A., Patents 1384; Celotex Co. v. Millington, 49 F.2d 1053, 18 C.C.P.A., Patents 1484; Bon Ami Company v. McKesson & Robbins, Inc., 93 F.2d 915, 25 C.C.P.A., Patents, 826; Frankfort Distilleries, Inc., v. Kasko Distillers Products Corporation,

111 F.2d 481, 27 C.C.P.A. Patents 1189; and Langendorf United Bakeries, Inc., v. General Foods Corporation, 125 F.2d 159, 29 C.C.P.A., Patents, 831.

It is true, as argued by counsel for appellant, that in the case of Burstein v. Seven-Up Company, supra, we held that the trade-mark "Hy-Up" and the trademark "7 Up" used on non-alcoholic, carbonated beverages and syrups, extracts, and flavors for making same, were confusingly similar. However, in the cases relied upon by counsel for appellant the facts presented to the court were entirely different from those presented in the instant case. Furthermore, we have frequently held that, except as to questions of law, where the facts differ, it is not helpful to cite cases previously decided by this court.

If appellee's application for registration had been for use on a carbonated beverage or for syrups, extracts or flavorings for making the same, a different situation would be presented.

In view of our conclusion, it is unnecessary that we discuss other questions raised by counsel for appellee.

For the reasons stated, the decision of the Commissioner of Patents, reversing the decision of the Examiner of Interferences, is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.