52 CCPA

**NATIONAL BISCUIT COMPANY,**
Appellant,

v.

**PRINCETON MINING COMPANY, Inc.,**
Appellee.

Patent Appeal No. 7238.

United States Court of Customs
and Patent Appeals.

Dec. 10, 1964.

Nims, Halliday, Whitman, Howes & Collision, New York City (Walter J. Halliday, Oliver P. Howes, Jr., and Thomas A. Kain, New York City, of counsel), for appellant.

Beer, Richards & Haller, New York City (Stewart W. Richards, New York City, of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

Princeton Mining seeks registration for "PREMIUM POP," disclaiming the word "POP," for use on raw popcorn, alleging use since 1956.

National Biscuit opposes on the ground that appellant's mark so resembles opposer's previously registered marks of "PREMIUM"[1] on biscuits and crackers as to likely cause confusion or mistake or deceive purchasers.

The Trademark Trial and Appeal Board, one member dissenting, found no confusion likely and dismissed the opposition.

In asking us to reverse that action appellant relies, inter alia, on prior decisions of this and other courts; the secondary meaning its mark has acquired over the years; a marketing survey calculated to show a likelihood of confusion between the competing marks; and the alleged "snack" nature of the instant goods.

Appellee also relies on decisions of this and other courts; on the laudatory, hence allegedly weak, nature of opposer's mark; on numerous third party registrations of "PREMIUM" on other foods; and strong criticism of appellant's marketing survey.

In our review of the rather voluminous record, due consideration has been given all of the contentions raised, as well as the views of the dissenting member. Inasmuch, however, as none of appellant's allegations of error below is sufficient to convince us that the board erred, detailed discussion of such allegations is unnecessary. The decision is affirmed.

Affirmed.

1. Reg. No. 63,286, issued June 11, 1907, twice renewed.