53 CCPA

## Application of BLANCHARD IMPORTING & DISTRIBUTING CO., Inc.

### Patent Appeal No. 7669.

United States Court of Customs and Patent Appeals.

May 19, 1966.

Harold E. Cole, Boston, Mass., for appellant.

J. Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

SMITH, Judge.

The issue here is whether appellant's mark so resembles the previously registered mark of another, "as to be likely, when applied to the goods of * * * [appellant] to cause confusion, or to cause mistake, or to deceive." Trademark Act of 1946, section 2(d), (15 U.S. C. § 1052(d)).

Almond and Kirkpatrick, JJ., dissented.

Appellant's mark [1] is "CANADIAN CHAMP" for "Blended Whiskey." Exclusive right to use "CANADIAN" has been disclaimed. The previously regis-

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Chief Judge Worley*, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. Serial No. 123,404, filed July 5, 1961.

tered mark [2] of another is "CHAMPION" for "whiskey, brandy, gin, rum, and alcoholic cordials." The respective goods are conceded to be similar.

The Trademark Trial and Appeal Board, in affirming the examiner's refusal to register appellant's mark, stated as follows:

> * * * the word "CHAMP", which constitutes the sole feature of applicant's mark capable of identifying its goods as to source, is a recognized abbreviation for and hence the legal equivalent of the word "CHAMPION" * * * [citing Webster's Third New International Dictionary, 372 (1961)] which constitutes the entire mark of the reference registration. In view thereof, we are clearly of the opinion that the contemporaneous use of these marks for the specified goods would be likely to cause confusion or mistake or to deceive; and this notwithstanding the inherent laudatory connotation of the word "champion".

The solicitor in his brief adopts the reasoning of the board and adds:

> As recognized by appellant, its use of "CANADIAN" is merely descriptive of Canadian whiskey * * *. This leaves "CHAMP" as the dominant and suggestive portion of the mark. There is also agreement that "CHAMP" is a slang abbreviation of "CHAMPION" * * *. Such identification, of course, would spontaneously occur to sports "fans," many of whom drink whiskey. Such a purchaser might well mistakenly assume that "CANADIAN CHAMP" was merely a Canadian whiskey marketed by the "CHAMPION" people.

The theory of appellant's case is that the board has placed undue emphasis on the term "CHAMP" and has failed to decide the issue of likelihood of confusion considering the respective marks as a whole. Further, appellant argues "CHAMPION" is a weak trademark (citing National Biscuit Co. v. Princeton Mining Co., 137 USPQ 250. 253 (TTAB 1963)),[3] self-laudatory in nature, and entitled to but a very limited scope of protection which should not bar appellant's mark from registration.

■■ Where the mark so to be registered has a portion thereof disclaimed, "those words cannot be ignored in determining the question of confusing similarity." May Dep't Stores Co. v. Schloss Bros. & Co., 234 F.2d 879, 881, 43 CCPA 980, citing cases. The marks must be considered in their entireties. Murray Corp. of America v. Red Spot Paint & Varnish Co., 280 F.2d 158, 47 CCPA 1152. The issue of likelihood of confusion must be resolved by comparing "CANADIAN CHAMP" to "CHAMPION."[4]

■ It is apparent that the only similarity between the above marks resides in a comparison of "CHAMPION" and "CHAMP." The latter is recognized as a slang term for the former which connotes quality or superiority over like things. "CHAMPION" is, as the board admits, a

---

2. Registration No. 315,653, registered August 7, 1934, and renewed.

3. Aff'd, 338 F.2d 1022, 52 CCPA 844.

4. In American Brewing Co. v. Delatour Beverage Corp., 100 F.2d 253, 256, 26 CCPA 778, it is stated:

> * * * [I]t can not be that an applicant, by combining a technical trademark and descriptive words, neither of which alone would be registrable to him, can produce a composite mark which is registrable.

The above statement appears to be somewhat broad in light of the facts of that case. Therein registration was sought for a mark consisting of a representation of the Statue of Liberty and certain words, "no claim being made to the printed words." 100 F.2d at 254. Cancellation was sought on the basis of a mark consisting of a representation of the Statue of Liberty and certain words. The court, in finding that "concurrent use of the marks would be likely to deceive purchasers," expressly considered that the disclaimed words were part of the applicant's mark. 100 F.2d at 255. The above statement by the court appears to be directed to a particular fact situation not present here and the marks must be looked at as a whole in determining the likelihood of confusion. See Vandenburgh, Trademark Law and Procedure 131, 228 (1959).

self-laudatory term as applied to goods. Considering appellant's composite mark, it may well be that "CANADIAN," standing alone, is descriptive when applied to the goods, Canadian whiskey; and that "CHAMP," like "CHAMPION," is self-laudatory of the goods. However, considering the composite mark as a whole against the registered mark we do not find a likelihood of confusion between the marks. We think the board erred in placing too much emphasis on "CHAMP" and too little emphasis on the composite mark as a whole.

For the above reasons, the decision of the board is reversed.

Reversed.

KIRKPATRICK, J., dissents.

ALMOND, Judge, (dissenting).

For the reasons stated by the tribunal below, I would affirm its decision finding likelihood of confusion between the subject marks within the meaning of section 2(d) of the Trademark Act of 1946 (15 U.S.C. § 1052(d)).